972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Milton DUSKIN, Appellant,
v.
Louis SULLIVAN, Secretary of Health and Human Services, Appellee.
 No. 92-1119.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 15, 1992.
Filed: August 6, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Milton Duskin appeals from the district court's[1] grant of summary judgment to the Secretary of Health and Human Services (Secretary). We affirm.
 
 
 2
 Duskin filed an application with the Social Security Administration (SSA) for a period of disability and for disability insurance benefits. The SSA denied both the application and Duskin's request for reconsideration, finding that he was ineligible for benefits because he had not acquired the requisite quarters of coverage. This denial was upheld by an administrative law judge and the Appeals Council. Duskin then filed the instant action.
 
 
 3
 We conclude that the district court properly granted summary judgment to the Secretary. An individual over age thirty-one must have "not less than 20 quarters of coverage during the 40-quarter period which ends with" a given quarter in order to be eligible for a period of disability or to receive disability insurance benefits. 42 U.S.C. § 416(i)(3)(B); 42 U.S.C. § 423(c)(1)(B)(i). SSA records indicate that Duskin had acquired only eighteen quarters of coverage during the relevant period at the time that he filed his application. Duskin's attempt to acquire the remaining two quarters of coverage by demonstrating additional 1981 earnings is precluded by SSA regulations.
 
 
 4
 Because the time limit permitted by SSA regulations for correcting alleged errors in Duskin's 1981 earnings record expired on April 15, 1985, and because no exceptions apply, Duskin's earnings record for that year is conclusive evidence that he had no wages or self-employment income in 1981. See 20 C.F.R. § 404.803. We note that even if Duskin were permitted to challenge the accuracy of his earnings record, he has not produced evidence of any 1981 earnings.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri